ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. Atlanta

MAY 2 2013

James N. Hatten, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INFORMATION |
| v. | : | |
| | : | NO. 1:13-CR-168-RWS |
| SAMUEL DAVIS MINTLOW, M.D. | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

At times relevant to this Information

THE FEDERAL FOOD, DRUG, AND COSMETIC ACT

1. The United States Food and Drug Administration ("FDA") was the agency of the United States charged with the responsibility of protecting the health and safety of the American public by assuring, among other things, that drugs sold to humans were safe and effective for their intended uses and bore labeling containing true and accurate information. FDA's responsibilities included regulating the labels, labeling, distribution, and manufacture of prescription drugs shipped or received in interstate commerce.

2. FDA was also responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. § 301 et seq.

3. Under the FD&C Act, the term "drug" included articles which were (1) intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man; or (2) intended to affect the structure or any function of the body of man. 21 U.S.C.

§§ 321(g)(1)(B) and (c).

4. Some of the drugs regulated under the FD&C Act were "prescription drugs." "Prescription drugs" were those drugs, which because of their toxicity or other potential harmful effects, or the method of their use, or the collateral measures necessary for their use, were not safe for use except under the supervision of a practitioner licensed by law to administer such drugs, or which were required to be administered under the professional supervision of a practitioner licensed by law to administer such drug as a condition of FDA approving the drug to be placed on the market. 21 U.S.C. §§ 353(b)(1)(A) and (B).

5. The FD&C Act prohibited the misbranding of a drug while such drug was held for sale after shipment in interstate commerce, or the causing of such misbranding. 21 U.S.C. § 331(a).

6. The act of dispensing a prescription drug without a valid prescription of a practitioner licensed by law to administer such drug was an act that caused the drug to become misbranded while held for sale. 21 U.S.C. § 353(b)(1).

7. On or about the date listed below, in the Northern District of Georgia and elsewhere,

**SAMUEL DAVIS MINTLOW, M.D.**,

defendant herein, aided and abetted by others, did cause prescription drugs that had been shipped in interstate commerce to become misbranded while held for sale within the meaning of Title

21, United States Code, Section 353(b)(1), to wit, the drugs were dispensed without a valid prescription as required of a practitioner licensed by law to administer such drugs.

| DATE | PRESCRIPTION DRUGS DISTRIBUTED & DISPENSED |
|---|---|
| 8/2/11 | Oxycodone 30 mg, 120 tablets distributed and dispensed to a person with initials V.P. residing in Lebanon, Virginia. |

In violation of Title 21, United States Code, Sections 331(a), 333(a)(1), 353(b)(1); and Title 18, United States Code, Section 2.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6064 (T)
404-581-6156 (F)
Georgia Bar No. 088131